OPINION
By the Court,
Springer, J. :
This is an appeal from a judgment of conviction, pursuant to a jury verdict, of one count of grand larceny in violation of NRS 205.220. The district court sentenced appellant to ten years in the Nevada State Prison.
A jury trial was conducted on June 24-25, 1991. On the second day of deliberations, the jury sent the judge two notes. One stated that the jury was hopelessly deadlocked. The second stated that the reason that the jury was hopelessly deadlocked was that one of the jurors was violating a jury instruction. The judge summoned the jury forewoman into chambers in order to determine if there was any jury misconduct. The forewoman stated that one of the jurors could not hear the testimony or see the videotape, and that he would not consider circumstantial evidence. The judge then brought the dissenting juror into chambers. The judge asked the dissenting juror if he had heard the testimony, had seen the videotape, and had considered circumstantial evidence. The juror answered affirmatively to all questions. The judge then told both the forewoman and the dissenting juror to return to the jury room and continue deliberating. Approximately one hour later the jury reached a unanimous guilty verdict.
Appellant contends that it was error to bring the lone dissenting juror into chambers, in front of the jury forewoman, and ask whether he had seen and heard the evidence, and whether he was willing to follow the jury instructions. Appellant complains that the encounter was unduly coercive. Our reading of the record *931 does not disclose prejudicial coercion on the part of the trial judge.
“Any criminal defendant. . . being tried by a jury is entitled to the uncoerced verdict of that body.” Lowenfield v. Phelps, 484 U.S. 231, 241 (1988). However, “[n]ot every communication elsewhere than in open court between jurors and court officials or attendants, after the case has been submitted to the jury for deliberation, is error.” Farmer v. State, 95 Nev. 849, 853, 603 P.2d 700, 703 (1979).
After reviewing the transcripts and tapes of the conversation bétween the court, the dissenting juror, and the jury forewoman, we conclude that the conversation was not unduly coercive. This is especially true when one considers that the videotape entered into evidence clearly shows the appellant in possession of the victim’s purse immediately before the theft was reported.
Appellant’s additional contention, alleging insufficiency of the evidence, is without merit. Therefore, the judgment of the district court is affirmed.
Steffen and Shearing, JJ., concur.